IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| DAMON LYNN COX, | § |
| | § |
| Petitioner, | § |
| | § |
| v. | §   2:03-CV-0086 |
| | § |
| DOUGLAS DRETKE, Director, | § |
| Texas Department of Criminal | § |
| Justice, Institutional Division, | § |
| | § |
| Respondent.[1] | § |

**REPORT AND RECOMMENDATION TO DENY PETITION
FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

On March 19, 2003[2], petitioner DAMON LYNN COX filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging the result of Disciplinary Case No. 20020123927, which occurred on or about January 12, 2002. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief should be DENIED.

I.
PROCEDURAL HISTORY

Respondent DOUGLAS DRETKE has lawful and valid custody of petitioner pursuant to a judgment and sentence out of the 223rd Judicial District Court of Gray County, Texas, in Cause No. 3463, for the felony offense of burglary with intent to commit theft. Petitioner pleaded guilty

---

[1] The previously named respondent in this action was Janie Cockrell who has since been succeeded by Douglas Dretke as Director of the Texas Department of Criminal Justice, Institutional Division. Under Federal Rule of Civil Procedure 25(d)(1), Douglas Dretke "is automatically substituted as a party."

[2] *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (a prisoner's *pro se* federal habeas petition is deemed filed when the inmate delivers the papers to prison authorities for mailing).

to the offense and on November 8, 1991, petitioner was sentenced to ten (10) years imprisonment in the Texas Department of Criminal Justice. Respondent also has lawful and valid custody of petitioner pursuant to a judgment and sentence out of the 31st Judicial District Court of Gray County, Texas, in Cause No. 3635, for the felony offense of burglary with intent to commit theft. Petitioner pleaded guilty to the offense and on November 8, 1991, petitioner was sentenced to ten (10) years imprisonment in the Texas Department of Criminal Justice.

On or about January 14, 2002, petitioner was accused, in Disciplinary Case No. 20020123927, with a level 1, code 2.3 offense, specifically, fighting or assaulting an offender without a weapon, and was informed of his right to call and question witnesses, to present documentary evidence, to be represented by counsel substitute, and to call and question the charging officer at the hearing. On January 17, 2002, a disciplinary hearing was held.

At the disciplinary hearing, petitioner, represented by counsel substitute, entered a plea of not guilty to the charged offense. Petitioner was found guilty of the charged offense based on the offense report, the charging officer's testimony at the hearing, and photographs of both offenders depicting their injuries. The punishment assessed included a 45 day recreation, commissary, and property restriction, 15 days of solitary confinement, a reduction in line class status from a S3 to L2, and the loss of 730 days of good time credits.

Petitioner filed a Step 1 Offender Grievance Form on February 15, 2002, such being denied on March 22, 2002. Petitioner then filed his Step 2 Offender Grievance Form on April 4, 2002 and such was denied on May 1, 2002.

II.
GROUNDS

In support of his contention that the evidence was insufficient to support a finding of guilt in Disciplinary Case No. 20020123927, petitioner presents the following grounds:

A. TDCJ-ID violated his due process rights by finding him guilty of the charged offense despite the charging officer's admission that she filed a false disciplinary report and her support of his defense at the hearing;

B. Petitioner was not allowed sufficient time to investigate his case or prepare and was only given two minutes to consult with counsel substitute prior to the hearing;

C. TDCJ-ID violated his Eighth Amendment right by failing to protect him from assault; and

D. Petitioner claims to be the victim of retaliation and conspiracy by TDCJ-ID officials.

### III.
### PETITIONER'S THIRD AND FOURTH CLAIMS ARE NOT COGNIZABLE IN A HABEAS ACTION

In his third and fourth claims, petitioner complains of prison officials failure to protect him pursuant to the Eighth Amendment and states he is the victim of conspiracy and retaliation. Such claims allege civil rights violations and are not cognizable in a federal habeas corpus action. To the extent petitioner raises such claims to demonstrate that he was justified in his actions, *i.e.* assault and/or fighting, such claims are more in the nature of challenges to the sufficiency of the evidence, a claim addressed below.

### IV.
### MERITS

Federal habeas relief cannot be had "absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (internal quotations and

citation omitted). The Due Process Clause of the United States Constitution does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner. *Sandin v. Conner*, 515 U.S. 472, 478 (1995).

To the extent, if any, petitioner COX is challenging a reduction in class status, such claim does not present a proper ground for federal habeas corpus review. Due Process Clause protections are not implicated by a reduction in class status. The United States Court of Appeals for the Fifth Circuit has held that "the mere opportunity to earn good-time credits" does not constitute "a constitutionally cognizable liberty interest sufficient to trigger the protections of the Due Process Clause." *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 1690 (1996). Petitioner's custodial classification will not "inevitably affect the duration of his sentence." *Id.*

To the extent, if any, petitioner COX is challenging the loss of recreation, commissary, or property privileges, and cell restriction (solitary confinement), such claims do not present grounds for federal habeas corpus review. The Due Process Clause of the United States Constitution is not implicated by these changes in the conditions of petitioner's confinement. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Only liberty interests, whether inherent or state-created, are protected by the Due Process Clause. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). These liberty interests are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life, *Sandin*, 515 U.S. at 484, or state created regulations or statutes which affect the *quantity* of time rather than the *quality* of time served by a prisoner. *Madison*, 104 F.3d at 767. There is no inherent right, under the United States Constitution or federal law, to good time credit. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).

A state, however, may create a liberty interest in good time credit. The State of Texas has done so by creating a right to earned good time credits for prisoners who are eligible for mandatory supervision release and who committed offenses prior to September 1, 1996. *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000). Consequently, an eligible prisoner's interest in those credits is "embraced within the Fourteenth Amendment 'liberty' concerns so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that this state-created right is not arbitrarily abrogated." *Madison*, 104 F.3d at 768; *Wolff*, *supra*.

Petitioner lost 730 days of good time credit. As noted above, the State of Texas has created a right to earned good time credits for prisoners who are eligible for mandatory supervision release and who committed offenses prior to September 1, 1996 and, thus, a prisoner is entitled to those minimum procedures appropriate under the circumstances and as required by the due process clause to insure that this state-created right is not arbitrarily abrogated. In *Wolff*, after noting its reluctance to review the judgment of prison administrators, and acknowledging that prison disciplinary proceedings do not require the "full panoply of rights" due a defendant in a criminal proceeding, the Supreme Court set forth the minimum requirements of procedural due process which are to be accorded prisoners in the disciplinary hearing process:

1. advance written notice of the claimed violation;

2. a written statement of the fact finder as to the evidence relied on and the reason(s) for the disciplinary action taken; and

3. an opportunity to call witnesses and present documentary evidence in defense, when to do so would not be unduly hazardous to institutional safety or correctional goals.

*Wolff*, 418 U.S. at 564-66.

The records in the instant cause establish petitioner received the procedural due process

guaranteed by *Wolff*. Petitioner was given advance written notice of the charges against him, he was appointed a counsel substitute to represent him, he was advised of his right to call witnesses and to present documentary evidence, and he appeared at the disciplinary hearing.[3] The records contain a written statement of the fact finder setting forth the evidence relied upon in reaching the determination of guilt, as well as the reasons for the particular punishment imposed. Petitioner was not denied procedural due process with regard to the disciplinary proceeding.

The "findings of a prison disciplinary hearing will not be disturbed unless they are arbitrary and capricious." *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). A hearing officer's decision will satisfy the due process requirements if there is "some evidence" in the record to support the decision. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). Treating petitioner's claim as a sufficiency of the evidence challenge, it is well-settled that federal courts do not review the sufficiency of the evidence at a disciplinary hearing. Sufficient support for a finding of guilty is provided by "some facts" or "any evidence at all." *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir.), *cert. denied*, 476 U.S. 1117 (1986); *See also Smith v. Rabalais,* 659 F.2d 539, 545 (5th Cir. 1981)(courts must see "'whether any evidence at all' supports the action taken by the prison officials").

The disciplinary hearing officer considered the offense report, the charging officer's testimony at the hearing, and photographs of both offenders depicting their injuries. The reports and/or testimony relied upon by the hearing officer constitute "some evidence," and further support, at least for purposes of federal habeas review, a finding that petitioner engaged in the

---

[3]Petitioner complains he was not given adequate time to prepare for the hearing or to meet with counsel substitute. However, the record shows that counsel substitute met with petitioner on January 14, 2002 to take his statement, and thereafter interviewed petitioner's requested witnesses on January 15, 2002. (*See* respondent's answer, Exhibit B at 7-8).

conduct alleged.[4]

The Court finds that the rights set forth in *Wolff* have not been abridged, and that there was "some evidence" to support the disciplinary hearing officer's decision. Based upon the foregoing, it is the opinion of the undersigned United States Magistrate Judge that petitioner's habeas corpus application challenging alleged due process violations in a prison disciplinary case should be DENIED.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner DAMON LYNN COX be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 12th day of May 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

---

[4] Petitioner alleges the charging officer submitted a "false report" which she admitted to. The record does not reflect this. It does appear the initial charge was that of assault on another inmate, however, this was amended at the hearing to "fighting" based upon the charging officer's testimony. (*See* respondent's answer, Exhibit B at 1). This does not constitute a false report.

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).